Per Curiam.
Respondent was admitted to practice by this Court in 2007. He maintains an office for the practice of law in Texas, where he was admitted to the bar in 1994.
By order dated August 7, 2008, the Texas bar found respondent guilty of professional misconduct and imposed a one-year probated suspension from practice which allows respondent to continue practicing under stated terms of probation including not engaging in professional misconduct, not violating state or federal criminal statutes, complying with continuing legal education and interest on lawyers trust account requirements, and paying the Texas bar’s counsel fees and expenses, which he has paid. The order was based upon agreed findings of fact, an agreed-upon statement that respondent had violated the Texas Disciplinary Rules of Professional Conduct, and an agreed-upon disciplinary sanction.
Respondent’s client had retained him to modify a child support order. The resulting order required the client’s ex-husband to pay child support and also required him to pay to the client, at the rate of $75 per month, respondent’s earned legal fees, unreimbursed medical expenses, and child support arrearages. Contrary to the relevant court orders, respondent and the attorney for the ex-husband agreed that the $75 payments would be sent directly to respondent, who applied them against his earned legal fees. When respondent’s client learned of the arrangement, she demanded restitution of the $75 payments. Respondent made restitution and the Texas bar charged him with professional misconduct.
Petitioner moves for an order imposing reciprocal discipline pursuant to this Court’s rules (see 22 NYCRR 806.19). Respondent has submitted an opposing affidavit in which he raises two of the defenses permitted under the rule: (1) that there was *1042 such an infirmity of proof establishing the misconduct that this Court cannot accept as final the finding of misconduct made in Texas, and (2) that the imposition of discipline by this Court would be unjust (see 22 NYCRR 806.19 [d]). In view of the agreed-upon basis for the disciplinary order in Texas, we conclude that respondent has not raised meritorious defenses, although we have considered his affidavit in mitigation.
We conclude that, under all of the circumstances presented, petitioner’s motion should be granted and respondent should be reciprocally censured.
Mercure, J.E, Peters, Rose, Kavanagh and Stein, JJ., concur. Ordered that petitioner’s motion is granted; and it is further ordered that respondent is censured.